**C.R. BARD, INC., Plaintiff–Appellant,**

v.

**M3 SYSTEMS, INC., Defendant–Appellee.**

No. 96–1165.

United States Court of Appeals,
Federal Circuit.

Dec. 11, 1998.

John F. Sweeney, Morgan & Finnegan, L.L.P., New York, New York, for plaintiff-appellant. With him on the brief were Harry C. Marcus, Desiree M. Stahl, and Walter G. Hanchuk. Of counsel were Warren H. Rotert and Steven F. Meyer.

Richard D. Harris, Law Offices of Dick and Harris, and Paul E. Slater, Sperling, Slater & Spitz, P.C., Chicago, Illinois, for defendant-appellee. With them on the brief were Max Shaftal, Jordan A. Sigale, and Jovan N. Jovanovic, Law Offices of Dick and Harris, and Greg Shinall, Sperling, Slater & Spitz, P.C.

### ORDER

A combined petition for rehearing and suggestion for rehearing in banc having been filed by C.R. Bard, Inc., and a response thereto having been invited by the court and filed by M3 Systems, Inc., and the petition for rehearing having been referred to the panel that heard the appeal, and thereafter the suggestion for rehearing in banc and response having been referred to the circuit judges authorized to request a poll whether to rehear the appeal in banc, and a poll having been requested, taken, and failed,

UPON CONSIDERATION THEREOF, it is

ORDERED that the petition for rehearing be, and the same hereby is DENIED and it is further

ORDERED that the suggestion for rehearing in banc be, and the same hereby is, DECLINED.

Circuit Judge GAJARSA, with whom Circuit Judge CLEVENGER joins, concurs in a separate opinion.

The mandate of the court will issue on December 14, 1998.

### ON SUGGESTION FOR REHEARING IN BANC

GAJARSA, Circuit Judge, concurring in the Order declining the suggestion for rehearing in banc, in which Circuit Judge CLEVENGER joins.

If fundamental issues at the intersection of patent law and antitrust law were being decided, I would dissent from the court's decision to deny an in banc rehearing. However, those issues are not before us. In this case, the patentee is accused of improperly redesigning a patented product, albeit within the proper scope of the claims, in order to prevent its competition from entering the market for the now unpatented product [1] used in association with the patented device. The patentee, Bard, was charged with redesigning its patented "Biopty" gun to prevent its competitors' needles from being used in that device. The majority opinion on the antitrust issue ultimately determined that substantial evidence supported the jury's verdict that this behavior was "predatory" in violation of antitrust laws. *See C.R. Bard, Inc. v. M3 Sys., Inc.,* 157 F.3d 1340, 1383 (Fed.Cir. 1998).

Given these facts, the patent bar may, at first glance, be alarmed that the majority opinion opens the floodgates with respect to a new antitrust cause of action. However, it is important for the bar to note that the *only* argument Bard made on appeal regarding the antitrust violation was directed to the sufficiency of the evidence on this issue. Bard did not argue to this court that modification of a patented product within the scope of the claims by a patentee cannot, as a matter of law, constitute an antitrust violation. Nor did Bard challenge the jury instructions. *See C.R. Bard,* 157 F.3d at 1382 ("Because Bard did not challenge the court's instructions ... the legal sufficiency of the

---

**1.** The patent covering the needles was held invalid by the panel majority on the basis of 35 U.S.C. § 102(b).

jury charge on the antitrust issues is not properly before us on appeal.") In light of our limited review of jury findings, the majority affirmed the jury verdict based on its determination that there was substantial evidence to support the verdict. *See id.* at 1383.

Consequently, this case does not establish or endorse a new antitrust theory. The majority opinion turns solely on Bard's argument regarding the sufficiency of the evidence and its failure to challenge the propriety of the jury instructions. The question of whether or not a cause of action premised upon the antitrust laws exists when a patentee redesigns a patented product within the scope of the patent claims, awaits another day.